IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Richard A. Crawford, | ) |
| Petitioner, | ) |
| vs. | ) No. 2:12-cv-2795-RMG |
| Michael McCall, Warden, | ) ORDER |
| Respondent. | ) |

Petitioner Richard A. Crawford, a state prisoner at Lee Correctional Institution in Bishopville, South Carolina, seeks habeas relief pursuant to 28 U.S.C. § 2254. (Dkt. Nos. 1, 15). Petitioner argues that his plea counsel was ineffective in advising him to plead guilty, when "counsel had enough evidence to go to trial." (Dkt. No. 1 at 5). He also argues that his plea counsel was ineffective for failing to advise him that he would be eligible for a charge of involuntary manslaughter if he proceeded to trial. (Dkt. No. 15 at 1). Petitioner seeks to vacate his guilty plea. (Dkt. No. 1 at 17).

## Background

Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) DSC, this case was assigned to a Magistrate Judge. On February 19, 2013, Respondent Warden McCall moved for summary judgment with respect to both grounds for relief raised by Petitioner. (Dkt. No. 16). Petitioner subsequently withdrew his first ground, and elected to proceed only as to his claim that his counsel was ineffective for failing to advise him that he would be eligible for a charge of involuntary manslaughter if he proceeded to trial. (Dkt. No. 22 at 4). Further, Petitioner moved to

expand the record to submit additional information relevant to his claim. (Dkt. No. 23).

Though Petitioner acknowledges that he defaulted on this second ground by not raising it in his state post-conviction relief, ("PCR"), proceeding, he nevertheless argues that intervening Supreme Court precedent permits this Court to address the claim. *See Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012) (holding that where state law requires an ineffective-assistance-of-trial-counsel claim to be raised in a PCR proceeding, a procedural default on that ground will not bar federal habeas review if the petitioner had no counsel or ineffective counsel in the PCR proceeding).

On July 11, 2013, the Magistrate Judge issued a Report and Recommendation, ("R&R"), recommending that Petitioner's motion to expand the record be granted to allow consideration of the additional information in determining whether to excuse the procedural default. (Dkt. No. 24 at 13 n.2). Further, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted, and this petition dismissed with prejudice. (Dkt. No. 24). The Magistrate Judge reasoned that Petitioner had not shown clear error on the part of the state PCR court, which found Petitioner's account of the events surrounding his offense not credible. (*Id.* at 17). Given that observation, the Magistrate Judge recommended finding that, even assuming that Petitioner's PCR counsel was deficient, Petitioner is unable to show prejudice resulting from his PCR counsel's performance. (*Id.* at 18). Absent prejudice, Petitioner cannot establish that his PCR counsel was "ineffective," and therefore does not benefit from the narrow exception to normal procedural default rules recognized in *Martinez*. (*Id.*).

Petitioner submitted objections to the R&R on July 29, 2013. (Dkt. No. 26). He argues first that the additional information he seeks to add to the record should be reviewed not just in evaluating his procedural default, but also in assessing his plea counsel's performance. (*Id.* at 4-5). Second,

he argues that the Court should reject the PCR court's credibility findings because "Petitioner's testimony at the PCR hearing is not inconsistent with the video evidence" of the underlying offense, and his additional evidence "shows that plea counsel's testimony regarding his representation of Petitioner was not credible." (*Id.* at 3).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," and is required to make a *de novo* determination on those portions of the R&R to which specific objection has been made. 28 U.S.C. § 636(b)(1).

Respondent moves for summary judgment. Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (stating that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts"). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).

## Discussion

Having reviewed the record, the R&R and the objections to the R&R, the Court concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter.

In relation to Petitioner's first objection, the Court need not decide whether the additional information Petitioner seeks to add to the record should be reviewed not just for the purpose of evaluating his procedural default, but also in assessing his plea counsel's performance. (Dkt. Nos. 22 at 8–12, 26 at 4–5). Even assuming that Petitioner's argument is correct, consideration of the additional information does not salvage this petition.

To overcome his PCR-stage procedural default under state law, Petitioner must "show that, but for post-conviction counsel's errors, there is a reasonable probability he would have received relief on his ineffective-assistance-of-trial-counsel claim." *Foley v. White*, No. 6:00-cv-552-DCR-REW, 2012 WL 6965070, at *11 (E.D. Ky. Nov. 15, 2012). Meeting that standard requires a petitioner demonstrate a reasonable probability that he would succeed in proving plea counsel's performance was deficient, and that the performance prejudiced him.

*A. Reasonable Probability of Showing Plea Counsel's Deficient Performance*

Here, for Petitioner to demonstrate a reasonable probability that he would have been able to show plea counsel's performance was deficient, he would have to show "by clear and convincing evidence" that the PCR court's credibility findings—that plea counsel was credible, and defendant was not—were incorrect. 28 U.S.C. § 2254(e)(1); *see also Merzbacher v. Shearin*, 706 F.3d 356, 364 (4th Cir. 2013). Even with the benefit of the additional evidence Petitioner seeks to introduce, though, he is not able to meet this burden.

Petitioner asserts he should have been informed of his entitlement to an involuntary manslaughter jury instruction.[1] As a result, the credibility finding pertinent to this analysis relates

---

[1] *See Tisdale v. State*, 662 S.E.2d 410, 412–13 (S.C. 2008) (concluding that trial counsel was ineffective for failing to request a charge of involuntary manslaughter where "there is *any* evidence that the defendant committed the lesser rather than the greater offense," such evidence

to whether plea counsel knew of facts that would have made it a professional imperative for him to discuss involuntary manslaughter with his client. At the PCR hearing, plea counsel stated that, in discussing possible defenses with Petitioner, he had some concern about the insinuation of premeditation on the part of his client, and was only ever told by Petitioner that he alone was armed at the time of the offense. (Dkt. No. 16-5 at 123, 127–28). If credible, plea counsel's decision not to discuss the possibility of an involuntary manslaughter instruction "falls within the wide range of reasonable professional assistance[.]" *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

Much evidence supports the PCR court's finding that plea counsel was credible on this point. For one, there is a strong presumption that the statements Petitioner himself made during his guilty plea—statements which controverted his account at the PCR proceeding—were accurate and truthful. *See Crawford v. United States*, 519 F.2d 347 (4th Cir. 1975). Indeed, PCR court found "no credible evidence that [Petitioner's] plea was involuntary or unknowing," (Dkt. No. 16-5 at 152). Secondly, the PCR court found that "the version of events described by [Petitioner] at the PCR hearing was . . . not consistent with the evidence including what was depicted on the videotape of the shooting." (Dkt. No. 16-5 at 152). Thus, the PCR court had a basis for doubting the credibility of Petitioner's testimony about what he told plea counsel before the plea hearing.

Petitioner asserts that the additional evidence he now proffers—the case action notes of the Public Defender's Office, Petitioner's medical records, and correspondence relating to Petitioner's

---

of a struggle for the gun used in the killing) (internal citation omitted); *Kerrigan v. State*, 406 S.E.2d 160, 162 (S.C. 1991) (holding that counsel's performance was deficient because he "failed to advise petitioner that if he went to trial, he could have requested a charge on the lesser offense and might have been convicted" of that lesser offense, rather than the more serious offense to which he pled guilty); *Pelzer v. State*, 672 S.E.2d 790, 792–93 (S.C. Ct. App. 2009) (holding that counsel's performance was deficient when she failed to advise defendant of possibility of conviction for lesser-included offense").

plea offer so undermines the credibility of Petitioner's plea counsel that this Court should set aside the PCR court's credibility findings as to both counsel and Petitioner. However, while this additional evidence relates to the credibility of plea counsel and Petitioner generally, it does not constitute "clear and convincing evidence" that the PCR court's credibility determinations with respect to the relevant question—whether plea counsel knew of facts that would have required him to discuss involuntary manslaughter with his client—were incorrect. Even if the additional evidence raises some doubt as to plea counsel's testimony on certain details, it does not remedy the fact that "the version of events described by [Petitioner] at the PCR hearing was . . . not consistent with the evidence including what was depicted on the videotape of the shooting." (Dkt. No. 16-5 at 152). Nor does it overcome the presumption that his guilty plea was knowing and voluntary. (*Id.*). At best, it suggests that the PCR court had before it two witnesses whose credibility was questionable, to varying degrees, and that the PCR court made a determination to credit the testimony of plea counsel. Though Petitioner disagrees with the PCR court's finding, he has not demonstrated that the PCR court's credibility judgments represent a "stark and clear" error. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008). Accordingly, Petitioner has not demonstrated a reasonable probability that he would succeed in proving plea counsel's performance was deficient.

### B. Reasonable Probability of Showing Prejudice Based on Plea Counsel's Performance

Even assuming Petitioner had demonstrated a reasonable probability that he would succeed in proving plea counsel's performance was deficient, however, he would still have to demonstrate a reasonable probability that he would succeed in proving prejudice as well. He cannot meet this burden either.

Petitioner is correct that, assuming he could show his plea counsel knew of the version of

events Petitioner offered before the PCR court, the failure of his plea counsel to inform him of his entitlement to an involuntary manslaughter instruction could under certain circumstances form the basis of a prejudice finding. *See supra* n.1. Here, however, it does not because Petitioner pleaded guilty, and does not meet the "prejudice" standard under that set of facts.

"[I]n order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) ("[W]hat matters is whether proceeding to trial would have been objectively reasonable in light of all the facts.").[2] As the Supreme Court has noted, under this standard, "it is often quite difficult for petitioners who have acknowledged their guilt to satisfy *Strickland*'s prejudice prong." *Padilla v. Kentucky*, 559 U.S. __, 130 S. Ct. 1473, 1485 n.12 (2010).

Here, Petitioner does not even allege in his habeas petition that, had counsel advised him that he would be eligible for a charge of involuntary manslaughter, "he would have pleaded not guilty and insisted on going to trial." *Hill*, 474 U.S. at 60. He therefore fails "to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test." *Id.* Moreover, had Petitioner alleged that he would have insisted on going to trial, the Court concludes that he still would not have demonstrated a reasonable probability of showing prejudice, given that the evidence against Petitioner was, as the PCR court put it, "overwhelming," (Dkt. No. 16-5 at 152). *See Hill*, 474 U.S. at 59 ("[W]here the alleged error of counsel is a failure to advise the defendant of a

---

[2] *Compare Pelzer*, 672 S.E.2d at 793 (concluding that petitioner "suffered no prejudice because of [his counsel's] misadvice, because he has not demonstrated that he would not have pled guilty but for the misadvice"), *with Kerrigan*, 406 S.E.2d at 162 (holding "that petitioner was prejudiced by counsel's deficient performance because but for counsel's failure to advise petitioner of the lesser offense, he would not have pled guilty").

potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial."); *Fugit*, 703 F.3d at 260. As a result, this Court concludes that Petitioner fails to demonstrate a reasonable probability that, but for his PCR counsel's purported errors, he would be able to prove prejudice based on his plea counsel's purported deficiency.

In sum, Petitioner has not shown " a reasonable probability he would have received relief on his ineffective-assistance-of-trial-counsel claim," but for post-conviction counsel's errors. *Foley v. White*, No. 6:00-cv-552-DCR-REW, 2012 WL 6965070, at *11 (E.D. Ky. Nov. 15, 2012). Petitioner has therefore not established that he is entitled, under *Martinez*, to be excused for his procedural default before the state courts. Accordingly, summary judgment for Respondent on the basis of procedural default is appropriate.

## Conclusion

For these reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation, (Dkt. No. 24), GRANTS Petitioner's motion to expand the record, (Dkt. No. 23), GRANTS Respondent Warden McCall's motion for summary judgment, (Dkt. No. 17), and DISMISSES this petition with prejudice.

## Certificate of Appealability

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
August 6, 2013